Filed          24-CI-00028     01/17/2024          Krissie Coe Fields, Barren Circuit Clerk

COMMONWEALTH OF KENTUCKY
BARREN CIRCUIT COURT
DIVISION _____
CIVIL ACTION NO:  _____

*FILED ELECTRONICALLY*

GRACE LOBB                                                                    PLAINTIFF

v.


JRN, INC                                                                      DEFENDANT
209 W 7TH ST
COLUMBIA, TN 38401

      Serve:  C T Corporation System
             306 W Main Street, Suite 512
             Frankfort, KY 40601

---

## COMPLAINT

---

     Comes now the Plaintiff, Grace Lobb, by and through the undersigned counsel, and for her Complaint against the Defendant, JRN, Inc., states as follows:

### PARTIES

     1.     At all times pertinent hereto, the Plaintiff, Grace Lobb, was a citizen and resident of Barren County, Kentucky residing at 7229 Old Bowling Green, Road, Glasgow, KY 42141.

     2.     At all times material hereto, the Defendant, JRN, Inc., was a Tennessee corporation licensed to do business within the Commonwealth of Kentucky, with its principal office located at 209 W 7TH ST, Columbia, TN 38401 and its agent for service of process being C T Corporation System, 306 W Main St, Suite 512, Frankfort, KY 40601.

1

Filed          24-CI-00028     01/17/2024          Krissie Coe Fields, Barren Circuit Clerk

1F243BD7-A3D8-4E25-AE12-2C1A148C50D4 : 000001 of 000024

Presiding Judge: HON. JOHN T. ALEXANDER (643358)

COM : 000001 of 000004

Filed          24-CI-00028      01/17/2024      Krissie Coe Fields, Barren Circuit Clerk

3.      At all times relevant hereto, the Defendant, JRN, Inc., owned, controlled, operated, and/or supervised the KFC and its parking lot located at 120 S L Rogers Wells Blvd, Glasglow, KY 42141 (hereinafter "premises").

## JURISDICTION AND VENUE

4.      The circumstances giving rise to this Complaint took place in Barren County, Kentucky.

5.      The amount of damages sustained by the Plaintiff is in excess of the minimum jurisdictional limits of the Barren County Circuit Court.

6.      Barren County Circuit Court has jurisdiction over this matter and venue is appropriate in this County.

## GENERAL ALLEGATIONS

7.      At all times relevant hereto, the Defendant, by and through their agents, ostensible agents, servants, employees, and/or other representatives, had a duty to maintain and keep said premises safe for the use of its patrons as well as to use reasonable care to avoid causing injury to others.

8.      On or about February 1, 2023, as a direct and proximate result of the negligent acts and/or omissions of the Defendant, whether by and through their respective agents, ostensible agents, servants, employees, and/or other representatives, the Plaintiff, a business invitee, while exercising due care for her own safety, was injured by a dangerous condition created and/or not properly maintained by the Defendants, while lawfully and properly on the Defendant's premises. Specifically, the Plaintiff slipped and fell due to ice on ground.

9.      At said time and place, the Defendant owed the Plaintiff, as a business invitee upon said premises, a duty to exercise reasonable care for her safety.

Filed          24-CI-00028      01/17/2024      Krissie Coe Fields, Barren Circuit Clerk

Filed          24-CI-00028      01/17/2024        Krissie Coe Fields, Barren Circuit Clerk

10.    The Defendant and its agents, ostensible agents, servants, employees, and/or other representatives breached their duty of care to the Plaintiff.

11.    As a direct and proximate result of the negligence and carelessness of the Defendant, as heretofore alleged, the Plaintiff was caused to sustain personal injuries of a permanent nature to her person. The injuries sustained by the Plaintiff resulted in the following damages:

a.  mental and physical pain and suffering both of a temporary and permanent nature all to her damage in a sum to be determined by a jury sitting in the trial of this matter;

b.  the power and ability to labor and earn has been temporarily and permanently impaired all to her damage in a sum to be determined by a jury sitting in the trial of this matter;

c.  the expenditure of sums of money for hospital, medical and other rehabilitation expenses, and will be caused to expend such sums of money in the future in an amount to be determined by a jury sitting in the trial of this matter;

d.  loss of his ability to lead and enjoy a normal life, all to his damage, in a sum to be determined by a jury sitting in the trial of this matter; and,

e.  lost wages in addition to the above-mentioned loss of wage-earning capacity, all of which are either permanent or continuing in nature and the Plaintiff will sustain said losses in the future.

**WHEREFORE**, the Plaintiff, Grace Lobb, demands judgment against the Defendant, JRN, Inc., as follows:

A.  A trial by jury on all issues of fact herein;

1F243BD7-A3D8-4E25-AE12-2C1A148C50D4 : 000003 of 000024

Presiding Judge: HON. JOHN T. ALEXANDER (643358)

COM : 000003 of 000004

Filed          24-CI-00028      01/17/2024        Krissie Coe Fields, Barren Circuit Clerk

Filed          24-CI-00028          01/17/2024          Krissie Coe Fields, Barren Circuit Clerk

B.  Compensatory damages against the Defendant in a fair and reasonable amount to be determined by a jury sitting at the trial of this matter, but in an amount sufficient to confer jurisdiction on this Court;

C.  For prejudgment interest from the date of the Plaintiff's injuries until such time the judgment is paid;

D.  For the Plaintiff's costs herein expended; and,

E.  For any and all other relief to which the Plaintiff is entitled.

## **CERTIFICATION**

This is to certify that pursuant to KRS 411.188(2), the undersigned attorneys have notified by certified mail all of those parties believed to possibly hold subrogation rights to any award received by the Plaintiff as a result of this action and that the failure to assert subrogation rights by intervention, pursuant to Kentucky Civil Rule 24, or otherwise will result in a loss of those rights with respect to any final award received by the Plaintiff as a result of this action.

The party notified is as follows: Aetna Insurance, P.O. Box 981106, El Paso, TX 79998-1106, and Medicare/NGHP P.O. Box 138832, Oklahoma City, OK 73113.

**RESPECTFULLY** submitted this 17th  day of January, 2024.

Respectfully submitted,

*/s/ Lauren Marley*
LAUREN MARLEY
Morgan & Morgan
360 E. 8th Avenue, Suite 411
Bowling Green, KY 42101
Telephone: (270) 495-6798
Facsimile: (270) 495-6839
lmarley@forthepeople.com
*Counsel for Plaintiff*

4

Filed          24-CI-00028          01/17/2024          Krissie Coe Fields, Barren Circuit Clerk

1F243BD7-A3D8-4E25-AE12-2C1A148C50D4 : 000004 of 000024

Presiding Judge: HON. JOHN T. ALEXANDER (643358)

COM : 000004 of 000004

Filed          24-CI-00028    01/17/2024          Krissie Coe Fields, Barren Circuit Clerk

# COMMONWEALTH OF KENTUCKY
## BARREN CIRCUIT COURT
### CASE NO. _____

**GRACE LOBB**                                                      **PLAINTIFF**

**v.**

**JRN, INC.**                                                      **DEFENDANT**

---

### PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION, INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO DEFENDANT JRN, INC.

---

Comes the Plaintiff, Grace Lobb, by counsel, and pursuant to the Kentucky Rules of Civil Procedure, hereby propounds the following First Set of Requests for Admissions, Interrogatories and Requests for Production of Documents upon the Defendant, JRN, Inc.

These discovery requests are to be used for all purposes permitted by the Kentucky Rules of Civil Procedure and are to be answered under oath, with any and all documents to be produced for inspection at the office of Morgan & Morgan, Kentucky PLLC, 360 E. 8th Avenue, Suite 411, Bowling Green, Kentucky 42101, within thirty (30) days of service hereof. These discovery requests shall be deemed continuing, and supplemental answers and production shall be required of you pursuant to CR 26.05 if you or your counsel directly or indirectly obtain further information of the nature sought herein after the time the answers are served and the documents are produced.

### DEFINITIONS

1.      As used herein, "document" means anything on or which any information is fixed and can be perceived, reproduced or otherwise communicated, with or without the aid of any machine or device, and regardless of the medium of expression in which the information is fixed (e.g., print, video, audio or other medium of expression).

Filed          24-CI-00028    01/17/2024          1          Krissie Coe Fields, Barren Circuit Clerk

1F243BD7-A3D8-4E25-AE12-2C1A148C50D4 : 000005 of 000024

Presiding Judge: HON. JOHN T. ALEXANDER (643358)

REQA : 000001 of 000018

Filed          24-CI-00028     01/17/2024          Krissie Coe Fields, Barren Circuit Clerk

2.      As used herein, "you," "your" or Defendant means the answering Defendant, its employees, agents, and affiliates if applicable; and, unless the individual request indicates otherwise, its attorneys.

3.      As used herein, "produce" means to mail copies of all requested documents to Plaintiff's counsel of record herein and to make the original of such documents available for inspection.

4.      As used herein, the term "premises" shall refer to the KFC and its parking lot located at 120 S L Rogers Wells Blvd, Glasglow, KY 42141.

5.      As used herein, the word "incident" shall mean the incident which occurred on February 1, 2023, and which is the subject of this action that is described more particularly in Plaintiff's Complaint.

## **INSTRUCTIONS**

1.      These Requests for Admissions, Interrogatories, and Requests for Production of Documents shall be deemed continuing and supplemental answers and production shall be required of you if you or your counsel directly or indirectly obtain further information of the nature sought herein after the time the responses are served and the documents are produced.

2.      In complying with requests, you should produce each document in its original form without any mark, alteration, or additional writing as the documents appear as maintained in the ordinary course of the business, except for Bates stamping, which may be placed on the bottom of each page.  All documents should be produced in the same order in which they are kept in the ordinary course of business.

3.      If any document covered by these requests is withheld in whole or in part, please provide a privilege log specifying, at a minimum, the date of the document, the author(s), the

Filed          24-CI-00028     01/17/2024          2          Krissie Coe Fields, Barren Circuit Clerk

1F243BD7-A3D8-4E25-AE12-2C1A148C50D4 : 000006 of 000024

Presiding Judge: HON. JOHN T. ALEXANDER (643358)

REQA : 000002 of 000018

recipient(s), the type of document (letter, memo, e-mail, etc.), a description of the contents of the document, the claim of privilege or protection upon which it is withheld, and your complete factual basis for that claim.

4.    In the event any document is redacted, altered or modified, in whole or in part, please ensure that the fact of redaction is plainly stated at the place where it is made, and please provide a privilege log as described above with respect to the redacted material. The failure to provide the privilege log, or to plainly reflect any redaction, will be claimed as a waiver of any assertion of any claimed privilege or protection from discovery.

## **REQUESTS FOR ADMISSIONS**

**REQUEST FOR ADMISSION NO. 1:** Please admit that, on February 1, 2023, you were in control of the premises.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 2:** Please admit that, on February 1, 2023, you owned the premises.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 3:** Please admit that, on February 1, 2023, you were responsible for maintaining the premises on the date of the subject incident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 4:** Please admit that Plaintiff was lawfully upon your premises on February 1, 2023.

**RESPONSE:**

Filed        24-CI-00028    01/17/2024    Krissie Coe Fields, Barren Circuit Clerk

**REQUEST FOR ADMISSION NO. 5:** Please admit that, on February 1, 2023, you were responsible for maintaining the premises' outdoor walkways on the date of the subject incident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 6:** Please admit that, on February 1, 2023, you had a duty to remove, repair and/or warn entrants of the premises of hazardous or otherwise dangerous conditions on the premises, including accumulations of snow and/or ice.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 7:** Please admit that, on February 1, 2023, you were responsible for taking reasonable steps to clear snow and ice and prevent accumulations of snow and/or ice at the premises.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 8:** Please admit that, on February 1, 2023, you knew or should have known accumulations of snow and/or ice on outdoor walkways constitutes a hazardous condition.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 9:** Please admit that, on February 1, 2023, you knew or should have known an accumulation of snow and/or ice was present upon the outdoor walkway of the premises.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 10:** Please admit that, on February 1, 2023, you did not warn the Plaintiff that the snow and/or ice accumulation was present on the outdoor walkway of the premise, and that it presented a safety hazard to entrants and/or invitees.

**RESPONSE:**

1F243BD7-A3D8-4E25-AE12-2C1A148C50D4 : 000008 of 000024

Presiding Judge: HON. JOHN T. ALEXANDER (643358)

REQA : 000004 of 000018

Filed        24-CI-00028    01/17/2024    Krissie Coe Fields, Barren Circuit Clerk

Filed          24-CI-00028    01/17/2024          Krissie Coe Fields, Barren Circuit Clerk

**REQUEST FOR ADMISSION NO. 11:** Please admit that, on February 1, 2023, you failed to take reasonable steps to clear snow and/or ice and prevent accumulations of snow and/or ice at the premises.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 12:** Please admit that, on February 1, 2023, you knew or should have known that failing to take reasonable steps in clearing and preventing accumulations of snow and/or ice upon the premises could result in injury to others.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 13:** Please admit that, on February 1, 2023, Plaintiff tripped and fell due to the accumulation of snow and/or ice present on the outdoor walkway of the premises.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 14:** Please admit that you are liable for all or part of Plaintiff's injuries resulting from the subject incident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 15:** Please admit that the answering Defendant as named in the Complaint is properly named.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 16:** Please admit that no third party who is not listed in the Complaint is responsible for the incident identified in the Complaint.

**RESPONSE:**

1F243BD7-A3D8-4E25-AE12-2C1A148C50D4 : 000009 of 000024

Presiding Judge: HON. JOHN T. ALEXANDER (643358)

REQA : 000005 of 000018

Filed          24-CI-00028    01/17/2024          Krissie Coe Fields, Barren Circuit Clerk

## INTERROGATORIES

**INTERROGATORY NO. 1:** Please state the full name, address, occupation and employer of each person who answered these Interrogatories, responded to the above Requests for Admissions, and/or searched for and/or gathered documents in responding to the attached Requests for Production of Documents, and each person who has provided information used in compiling such answers and responses.

**ANSWER:**

**INTERROGATORY NO. 2:** If any of your responses to the above Requests for Admissions are anything other than an unqualified admission, please state the basis for the denial or qualified admission.

**ANSWER:**

**INTERROGATORY NO. 3:** Please state each individual and entity that had control and/or ownership of the premises on the date of the incident and the specific time frames and/or dates of control and/or ownership.

**ANSWER:**

**INTERROGATORY NO. 4:** Do you contend that the date, time and place of the alleged incident are incorrectly stated in the Complaint? If so, please state the date, time and place of this alleged incident believed or known by you, your agents or attorneys to be correct.

**ANSWER:**

**INTERROGATORY NO. 5:** Please state whether any report was prepared by your employees in response to the incident giving rise to this action, and if there was one, please list the name, address and occupation of the current custodian of said report and the name, address, and occupation of each person who participated in preparing that report.

1F243BD7-A3D8-4E25-AE12-2C1A148C50D4 : 000010 of 000024

Presiding Judge: HON. JOHN T. ALEXANDER (643358)

REQA : 000006 of 000018

Filed              24-CI-00028      01/17/2024      Krissie Coe Fields, Barren Circuit Clerk

**ANSWER:**

**INTERROGATORY NO. 6:** Please list the name, last known address, and employer of each and every person believed by you to be present at the premises on the date of the incident as alleged in the Complaint.

**ANSWER:**

**INTERROGATORY NO. 7:** State the full name, address, occupation and employer of any and all persons who have investigated this incident for or on behalf of you, your attorneys, agents, insurance carrier, etc.

**ANSWER:**

**INTERROGATORY NO. 8:** State the name, address, telephone number, and place of employment of each person known by you or your counsel who may have any knowledge of the facts of this matter, without regard to whether you intend to call any such person as a witness at trial. In your answer, specifically identify any and all persons who may be witnesses to any of the issues involved in this matter, including without limitation the following:

    a) Any and all persons who have any knowledge of relevant facts about the hazards upon which Plaintiff slipped and fell as claimed in the Complaint – including but not limited to:

        i)  How long the snow and/or ice accumulation had been present upon the premises' outdoor walkway, and

        ii)  What steps were taken to prevent and remove snow and/or ice accumulations.

    b)  Any and all persons who may be witnesses or have knowledge concerning the injuries or physical condition of the Plaintiff following this fall.

1F243BD7-A3D8-4E25-AE12-2C1A148C50D4 : 000011 of 000024

Presiding Judge: HON. JOHN T. ALEXANDER (643358)

REQA : 000007 of 000018

Filed              24-CI-00028      01/17/2024      Krissie Coe Fields, Barren Circuit Clerk

c)  Any and all persons having knowledge of the policies and procedures of the Defendant as of the date of the fall alleged in the Complaint concerning the safe inspection, monitoring, cleaning and maintenance of the premises' outdoor walkways

d) Any and all persons having knowledge of the policies and procedures of the Defendant as of the date of the fall alleged in the Complaint concerning inclement weather, snow removal, ice removal at the premises

**ANSWER:**

**INTERROGATORY NO. 9:**  State the full name, address, occupation and employer of all persons contacted by any investigators in their investigation of this incident.

**ANSWER:**

**INTERROGATORY NO. 10:**  If you contend that any person or entity (other than the answering Defendant) contributed to the causation of or to be legally responsible for the injuries or damages of the Plaintiff in issue in this action, with respect to each such person or entity, state with specificity:

a)  The identification of the person or entity, including the name, mailing address, e-mail address and telephone number of the person or entity (for each entity, please also state such entities place of incorporation and principal place of business).

b)  A recitation of all facts upon which the allegation of causation is based.

c)  The identification of documents or other things which the answering Defendant claims support its allegation of causation.

d)  The name, mailing address, e-mail address and phone number of all persons known or believed to have knowledge of facts relating to the allegation of causation.

**ANSWER:**

1F243BD7-A3D8-4E25-AE12-2C1A148C50D4 : 000012 of 000024

Presiding Judge: HON. JOHN T. ALEXANDER (643358)

REQA : 000008 of 000018

Filed                24-CI-00028        01/17/2024        Krissie Coe Fields, Barren Circuit Clerk

**INTERROGATORY NO. 11:** For 5 years preceding the incident, please describe all prior instances of persons falling on the premises' outdoor walkways, including for each such instance the identity of all persons who fell, all witnesses, how the fall occurred, whether any claim was filed, and the outcome of any claim.

**ANSWER**:

**INTERROGATORY NO. 12:** Describe all inspections and maintenance of the premises' outdoor walkway for the 30-day period prior to the incident and the 24-hour period after this incident, including the date of each inspection and the name, address, and job title of the person who made each inspection, and whether any inspection revealed any defective condition, including but not limited to the presence of a foreign substance or other slipping hazard.

**ANSWER:**

**INTERROGATORY NO. 13:** Please state the name, address, and telephone number for those individuals responsible for maintaining the outdoor walkways of the premises on the date of the incident in question.

**ANSWER:**

**INTERROGATORY NO. 14:** Please give the name, address, and occupation of the person with your company most knowledgeable concerning the maintenance, inspection, and warning procedures utilized by your company with regard to the premises' outdoor walkways, slipping/tripping/falling hazards, inclement weather, snow removal, and ice removal.

**ANSWER:**

**INTERROGATORY NO. 15:** Based on your knowledge at this time, describe in detail how the alleged incident happened, including all actions taken by you to prevent the incident.

**ANSWER:**

1F243BD7-A3D8-4E25-AE12-2C1A148C50D4 : 000013 of 000024

Presiding Judge: HON. JOHN T. ALEXANDER (643358)

REQA : 000009 of 000018

Filed                24-CI-00028        01/17/2024            Krissie Coe Fields, Barren Circuit Clerk

**INTERROGATORY NO. 16:** If you contend that Plaintiff acted in such a manner as to cause or contribute to the incident, give a concise statement of the facts upon which you rely.

**ANSWER:**

**INTERROGATORY NO. 17:** State the name, address, telephone number, and place of employment of each person you intend to call as a witness at trial.

**ANSWER:**

**INTERROGATORY NO. 18:** State the name, address and telephone number and expert qualifications of each expert witness, including medical experts, whom you intend to call at trial, and provide for each the subject matter upon which they are expected to testify, the substance of the facts and opinions to which each expert is expected to testify, and a summary of the grounds for each opinion.

**ANSWER**:

**INTERROGATORY NO. 19:** With respect to each statement, regarding the subject matter of this action, that the Plaintiff or any witness has ever given to anyone (except any statement to legal counsel) concerning facts in issue in this litigation, either oral or written, state the name of the person who gave the statement, the date the statement was given, the names, addresses and telephone numbers of those present when the statement was given, and a brief summary of the contents of the statement.

**ANSWER**:

**INTERROGATORY NO. 20:** If you claim any doctrine, legal privilege, or law prohibits you from providing a literal factual response to any interrogatory or the production of any document requested produced in this litigation, whether now or in the future posed to you in this litigation, (including but not limited to attorney-client, attorney-work product, HIPAA, or any other law or legal prohibition)

1F243BD7-A3D8-4E25-AE12-2C1A148C50D4 : 000014 of 000024

Presiding Judge: HON. JOHN T. ALEXANDER (643358)

REQA : 000010 of 000018

provide a privilege log,  identifying the information withheld, and <u>with respect to each piece of information and/or document withheld</u>, explain in detail in the log:

a) The type of information withheld.

b) The custodian and/or source of the information withheld.

c) The identification of any document withheld, including the author, the identification of all persons to whom the document has been shown, the number of pages of the document, and a description of the contents of the document withheld.

d) The identification of the discovery request generating the assertion of the privilege or prohibition, with citation to the particular doctrine, privilege or other legal prohibition upon which you assert that the information or document may not be produced.

e) Whether the information or document has ever been produced as a result of or in litigation of any type, and if so, please state the identification of the Court, court case numbers, the style of any lawsuit in which the document was produced, the identification of persons to whom the document was produced and state any restrictions against disclosure of the information or document imposed in that action.

**<u>ANSWER</u>**:

**<u>INTERROGATORY NO. 21:</u>**  Identify each policy of insurance, whether primary, secondary, excess, umbrella, or other, which policy may insure the Defendant against the damages alleged in Plaintiff's Complaint, including in your answer:

a) The name and address of each such insurer.

b) The name and address of each named insured on each policy.

c) The identifying number of each policy.

d) The limits of coverage of each such policy.

1F243BD7-A3D8-4E25-AE12-2C1A148C50D4 : 000015 of 000024

Presiding Judge: HON. JOHN T. ALEXANDER (643358)

REQA : 000011 of 000018

e) The name and address of any person or corporation who is or may be an "additional insured" and any named Defendant(s) in this cause.

f) Whether or not any insurer has notified any insured that said insurer or any other person, firm, or corporation must pay part of or all of any judgment before the insurer must make any payments; if so, what payment must be made and by whom before the insurer must make payment.

g) Whether any insurer has notified the insured that said insurer claims that there is or may be no coverage under the terms of the policy of insurance involved.

h) If the answer to subparagraph (g) is in the affirmative, describe the reason given for the claimed lack of coverage or failure thereof as stated by said insurer (identifying same) to said insured (identifying same), and state the date of such notice.  [Note: If such policy defense is withdrawn or waived, this subparagraph need not be answered.]; and

i) The exact name and address of the resident agent of each insurance company.

**ANSWER**:

**INTERROGATORY NO. 22:**  With respect to each defense that you asserted in your Answer to Plaintiff's Complaint, please state the factual basis underlying the defense asserted therein with specificity, providing all known factual detail supporting each alleged defense, and identify all documents that you allege support that defense.

**ANSWER:**

**INTERROGATORY NO. 23:**  Please state whether you contend that you were not responsible for maintaining the outdoor walkways at the premises and your reason for such contention.

**ANSWER:**

**INTERROGATORY NO. 24:**  Please list all of your employees who worked at the store in question on the date of the incident.

Filed          24-CI-00028    01/17/2024          Krissie Coe Fields, Barren Circuit Clerk

**ANSWER:**

**INTERROGATORY NO. 25:** Do you agree to supplement your responses to these interrogatories and the following requests for production of documents propounded to you as soon as supplemental information or documents become available to you?

**ANSWER:**

## REQUESTS FOR PRODUCTION OF DOCUMENTS
**(Please produce in electronic format when available)**

**REQUEST FOR PRODUCTION NO. 1:**  All documents, the identity of which is requested in answer to the preceding Interrogatories (excepting those produced in response to the specific requests for production of documents below – which should be organized upon your production as in response to the specific request below).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:**  All documents that you intend to use or offer as evidence or as an exhibit in this action at any deposition, hearing, or the trial of this matter.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:**  All reports of incident or injury involving the fall alleged in the Complaint.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:** With respect to those expert witnesses whom you intend to use at trial of this action, produce the expert's entire file pertaining to this proceeding, including but not limited to things reviewed or studied by the expert in the formulation of any opinion to be offered at trial, any and all of such expert witnesses notes, correspondences to and from the said expert pertaining to this action, memoranda to or from the said expert, and/or reports of said expert witnesses pertaining hereto.

1F243BD7-A3D8-4E25-AE12-2C1A148C50D4 : 000017 of 000024

Presiding Judge: HON. JOHN T. ALEXANDER (643358)

REQA : 000013 of 000018

Filed          24-CI-00028    01/17/2024          Krissie Coe Fields, Barren Circuit Clerk

Filed        24-CI-00028    01/17/2024    Krissie Coe Fields, Barren Circuit Clerk

**RESPONSE:**

**REQUEST NO. 5:** The curriculum vitae of each expert witness whom you intend to use at trial of this action.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:**  Produce any and all digital images, recordings, photographs, videotapes, and/or movies that are in your possession, custody, or control and/or that have been taken by you, or anyone acting on your behalf, including attorneys, agents, employees, and/or representatives of the Defendants, of: (A) the Plaintiff, (B) the place of the fall, and/or (C) the area surrounding the site of the fall as described in the preceding interrogatories.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:**  All documents which you may use to refresh the recollections of witnesses at deposition or in trial.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:**  A copy of any and all articles, journals, and/or pages from textbooks which will be relied upon to support any contention by the Defendant that Plaintiff's injuries were not or may not have been sustained as a result of the fall at issue herein.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:**  All documents and things which the Defendant contends support the defenses asserted in the Defendant's Answer or that relate to any claims asserted by the Defendant.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:**  Copies of each policy of insurance which policy does and/or may insure the Defendant against the damages alleged in Plaintiff's Complaint, including the

1F243BD7-A3D8-4E25-AE12-2C1A148C50D4 : 000018 of 000024

Presiding Judge: HON. JOHN T. ALEXANDER (643358)

REQA : 000014 of 000018

Filed        24-CI-00028    01/17/2024        Krissie Coe Fields, Barren Circuit Clerk

declarations page of each policy and <u>all</u> terms, conditions, coverages and exclusions of the policy of insurance.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:**  All notes, correspondence, memoranda, recordings, video, reports, documents of any and every kind, electronic correspondence or records, photographs or other items or things relating to, created, preserved or generated in investigation of this fall and the matter of how the hazard on which Plaintiff fell came to be upon the premises on which she fell.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:**  Please produce any and all statements, written or verbal, recorded interviews, letters, written opinions, or reports of any kind that the Defendant, or anyone acting on behalf of the Defendant, obtained from any witness.  Such production should also include:

   a) The name and address of the person who took the statement;

   b) How such statement was recorded;

   c) The day it was obtained; and

   d) If the statement was signed.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:**  Please produce any and all statements, written or verbal, recorded interviews, letters, written opinions, or reports of any kind, that the Defendant has given in regard to this fall.  Such production should also include:

   a) The name and address of the person who took the statement;

   b) How such statement was recorded;

   c) The day it was obtained; and

   d) If the statement was signed.

1F243BD7-A3D8-4E25-AE12-2C1A148C50D4 : 000019 of 000024

Presiding Judge: HON. JOHN T. ALEXANDER (643358)

REQA : 000015 of 000018

Filed          24-CI-00028    01/17/2024    Krissie Coe Fields, Barren Circuit Clerk

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:** Please produce a copy of any and all drawings, maps, photographs, videotapes, or sketches of the scene or site of the fall alleged in the Complaint.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:** Please produce all employee reference manuals, handbooks, premises inspection guidelines, premises maintenance and inspection policies, policies and procedures, checklists for premises maintenance, and/or safety manuals of the Defendant which were in effect at the time of the fall that is the subject of this litigation and that in any way pertain to inspection or maintenance of the premises' outdoor walkways.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:** Please produce all documents in your possession distributed by trade associations, such as the National Safety Council, or government entities, such as OSHA, regarding walkway safety.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17:** Please produce all documents evidencing inspection of Premises' outdoor walkways for 30 days prior to Plaintiff's fall alleged in the Complaint and ending on February 1, 2023.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18:** Please produce time sheets, clock cards, and all other documents showing the hours and time worked by your employees working at the premises on the date of the subject incident.

**RESPONSE:**

Presiding Judge: HON. JOHN T. ALEXANDER (643358)    1F243BD7-A3D8-4E25-AE12-2C1A148C50D4 : 000020 of 000024

REQA : 000016 of 000018

Filed          24-CI-00028    01/17/2024    Krissie Coe Fields, Barren Circuit Clerk

Filed                24-CI-00028        01/17/2024        Krissie Coe Fields, Barren Circuit Clerk

**REQUEST FOR PRODUCTION NO. 19:**  Please produce all reports in any way related to the Plaintiff's fall.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20:**  Please produce true and correct copy of any document or list with the names, addresses, telephone numbers, dates of birth, social security numbers, duties, responsibilities, and job descriptions, of all employees working for you (who were employed on the date of incident and/or five years preceding the incident) with responsibilities for inspecting and maintaining the outdoor walkways of the Premises for dangerous conditions, cleaning up dangerous conditions, or maintaining the common areas of the Premises.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21:**  Please produce a true and correct copy of any and all documents provided to your employees who were on duty on the date of the subject incident, explaining maintenance, cleaning, inspection, and safety precautions at the Premises.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22:**  Please produce a copy of all documents relating to claims or complaints regarding ice accumulations and/or other safety hazards on the outdoor walkways of the premises.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23:**  Please produce copies of any and all other documents or tangible items not otherwise produced that bear any relevance to any aspect at issue in the current litigation.

**RESPONSE:**

1F243BD7-A3D8-4E25-AE12-2C1A148C50D4 : 000021 of 000024

Presiding Judge: HON. JOHN T. ALEXANDER (643358)

REQA : 000017 of 000018

Filed                24-CI-00028        01/17/2024        Krissie Coe Fields, Barren Circuit Clerk

Filed          24-CI-00028      01/17/2024                Krissie Coe Fields, Barren Circuit Clerk

**REQUEST FOR PRODUCTION NO. 24:**  Please produce a copy of each document signed by the Plaintiff on the date of the incident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 25:**  Please produce all lease agreements and contracts entered into between you and others that in any way relate to control over the premises' outdoor walkways.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 26:** Please produce all video surveillance showing the area of the fall for one hour prior to and one hour after the fall.

**RESPONSE:**

Respectfully Submitted,

 */s/ Lauren E. Marley*
Lauren E. Marley
**MORGAN & MORGAN**
360 E. 8th Avenue, Suite 411
Bowling Green, KY 42101
Direct: (270) 495-6798
Office: (270) 495-6801
Fax: (270) 495-6839
lmarley@forthepeople.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

It is hereby certified that a copy of the foregoing was served with the complaint.

 */s/ Lauren E. Marley*
*Counsel for Plaintiff*

Filed          24-CI-00028      01/17/2024                Krissie Coe Fields, Barren Circuit Clerk

| AOC-E-105   Sum Code: CI<br>Rev. 9-14<br><br>Commonwealth of Kentucky<br>Court of Justice     *Courts.ky.gov*<br><br>CR 4.02; Cr Official Form 1 | <br><br>**CIVIL SUMMONS** | Case #:  **24-CI-00028**<br>Court:   **CIRCUIT**<br>County:  **BARREN** |

*Plaintiff,* **LOBB, GRACE VS. JRN, INC**, *Defendant*

TO:  **CT CORPORATION SYSTEM**
    **306 W MAIN STREET**
    **SUITE 512**
    **FRANKFORT, KY 40601**

Memo: Related party is JRN, INC

The Commonwealth of Kentucky to Defendant:
**JRN, INC**

    You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Krissie Coe Fields*

Barren Circuit Clerk
Date: **1/17/2024**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

    To: _____

☐ Not Served because: _____

Date: _____, 20_____          _____
                                                   Served By

                                                    _____
                                                        Title





*(right margin, vertical text)* 1F243BD7-A3D8-4E25-AE12-2C1A148C50D4 : 000023 of 000024

*(right margin, vertical text)* Presiding Judge: HON. JOHN T. ALEXANDER (643358)

*(right margin, vertical text)* CI : 000001 of 000001

**Commonwealth of Kentucky**
**Krissie Coe Fields, Barren Circuit Clerk**

| | |
|---|---|
| **Case #:** 24-CI-00028 | **Envelope #:** 7177468 |
| **Received From:** LAUREN MARLEY | **Account Of:** LAUREN MARLEY |
| **Case Title:** LOBB, GRACE VS. JRN, INC | **Confirmation Number:** 174998070 |
| **Filed On** 1/17/2024   1:27:37PM | |

| # | Item Description | Amount |
|---|---|---|
| 1 | Court Facilities Fee | $25.00 |
| 2 | Access To Justice Fee | $20.00 |
| 3 | Money Collected For Others(Court Tech. Fee) | $20.00 |
| 4 | Money Collected For Others(Postage) | $17.31 |
| 5 | Money Collected For Others(Attorney Tax Fee) | $5.00 |
| 6 | Library Fee | $1.00 |
| 7 | Civil Filing Fee | $150.00 |
| 8 | Charges For Services(Copy - Photocopy) | $2.40 |
| 9 | Charges For Services(Jury Demand / 12) | $70.00 |
| | **TOTAL:** | $310.71 |

1F243BD7-A3D8-4E25-AE12-2C1A148C50D4 : 000024 of 000024